United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AMY F.,**<br><br>    Plaintiff,<br><br>    vs.<br><br>**CALIFORNIA PHYSICIANS' SERVICE dba BLUE SHIELD OF CALIFORNIA; TRINET GROUP, INC.,**<br><br>    Defendants. | Case No.: 19-CV-6078 YGR<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS SECOND CAUSE OF ACTION IN FIRST AMENDED COMPLAINT.**<br><br>**DKT. NO. 33** |

In this action under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1132(a)(1)(B), (a)(2) and (a)(3), defendant California Physicians' Service dba Blue Shield of California ("Blue Shield") brings a motion to dismiss (Dkt. No. 33) the second cause of action in plaintiff Amy F.'s First Amended Complaint ("FAC").[1]  Blue Shield argues that the second cause of action for breach of fiduciary duty should be dismissed on several grounds: (1) lack of Article III standing to pursue the relief sought; (2) failure to state a claim for relief under 29 U.S.C. § 1132(a)(2); and (3) failure to plead entitlement to equitable relief under 29 U.S.C. § 1132(a)(3).

The Court, having reviewed the papers in support of and in opposition to the motion, and the pleadings in this matter, **GRANTS IN PART** the motion to dismiss **WITH LEAVE TO AMEND**. Although the Court agrees that plaintiff has failed to allege the basis for injunctive relief or relief pursuant to section 1132(a)(2), plaintiff sufficiently alleges a basis for appropriate equitable relief for breach of a fiduciary duty pursuant to section 1132(a)(3).

---

[1] Plaintiff alleges a first cause of action for recovery of benefits under an ERISA plan pursuant to Section 1132(a)(1)(B), as to which Blue Shield does not move for dismissal.

## I. STANDING

Blue Shield argues that the second cause of action should be dismissed because plaintiff lacks standing to pursue injunctive relief and to seek equitable relief on behalf of third parties. To establish "a case or controversy" within the meaning of Article III, plaintiff must show injury in fact, causation, and a likelihood that the injury would be redressed by a favorable decision. *Spokeo, Inc. v. Robins*, 578 U.S. __,136 S.Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). Injury in fact requires a showing that the plaintiff "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S.Ct. at 1548 (quoting *Lujan,* 504 U.S. at 560).

A plaintiff must demonstrate Article III standing for each form of relief requested. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 185 (2000). For prospective relief like an injunction, the threat of future injury must be "actual and imminent, not conjectural or hypothetical." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir.), *cert. denied,* 139 S. Ct. 640 (2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).

While section 1132(a)(3) grants beneficiaries the right to bring a civil action "to enjoin any act or practice which violates [ERISA] or the terms of the plan . . . ," the statute does not relieve plaintiff of the obligation to satisfy constitutional standing requirements. Nothing in *Lexmark*, cited by plaintiff, suggests otherwise. *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127-28 n.4 (2014) (rejecting labels of "prudential *standing*" or "statutory *standing*" as misnomers for questions of statutory interpretation about who has the right to sue, not constitutional limitations on a court's power to adjudicate the case).

Plaintiff has not alleged clearly her basis for seeking forward-looking relief for herself. She does not allege she is still a Plan beneficiary or that she or her dependents would seek similar benefits in the future. In the absence of allegations showing a likelihood of future injury, plaintiff has failed to allege standing to seek injunctive relief. *Davidson*, 889 F.3d at 967; *Summers*, 555 U.S. at 493.

Moreover, plaintiff purports to seek injunctive relief on behalf of other Plan beneficiaries, without class allegations or some other permissible statutory basis for doing so. Litigants generally

must base a claim for relief upon their own legal rights and interests, not those of third parties, unless they are proceeding as a class representative, a statutorily authorized representative action, or, in certain rare cases, when the plaintiff has a close or special relationship to the third party. *See Powers v. Ohio,* 499 U.S. 400, 410 (1991); *Kowalski v. Tesmer,* 543 U.S. 125, 130; *see also Brady v. United of Omaha Life Ins. Co.*, 902 F.Supp.2d 1274, 1284 (N.D. Cal. 2012) (finding no standing to bring claim for injunctive relief under ERISA on behalf of other plan beneficiaries). Plaintiff has not alleged a class action, nor does she point to any statutory authority permitting her to proceed in a representative capacity. Thus, the possibility of injunctive relief inuring to the benefit of third parties does not provide a substitute foundation for plaintiff's failure to allege likelihood of future injury herself.

Therefore, the motion to dismiss the second cause of action on grounds of standing is **GRANTED WITH LEAVE TO AMEND**.

## II.  SUFFICIENCY OF ALLEGATIONS UNDER SECTIONS 1132(A)(2) AND (A)(3)

While the Court need not reach Blue Shield's other arguments for dismissal, it provides the following guidance in plaintiff's amendment of her complaint.

First, Blue Shield correctly notes that plaintiff has not alleged a basis for seeking relief under subsection (a)(**2**). *See Wise v. Verizon Commc'ns, Inc*., 600 F.3d 1180, 1189 (9th Cir. 2010) (where the complaint alleges a claim brought "on behalf of, and for the benefit of, the plan and all its participants, [but] there are no factual allegations that the Plan Administrators violated their duties with respect to anything other than [plaintiff's] individual claim," it does not allege a viable claim under Section 1132(a)(2)); *cf. LaRue v. DeWolff, Boberg & Assoc., Inc.*, 552 U.S. 248, 255-56 (2008) (Section 1132(a)(2) does not provide an individual remedy in the defined benefit plan context, but does authorize recovery for fiduciary breaches affecting and individual's defined *contribution* retirement account). Plaintiff does not argue otherwise.

Second, Blue Shield argues that plaintiff cannot state a claim under subsection (a)(**3**) because relief thereunder would be duplicative of her claim under Section 1132(a)(1). This argument is without merit. The Ninth Circuit has made clear that section 1132(a)(1)(B) and 1132(a)(3) claims may proceed simultaneously and in the alternative so long as there ultimately is

no double recovery. *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 961-62 (9th Cir. 2016) ("Some of our pre-*Amara* cases held that litigants may not seek equitable remedies under § 1132(a)(3) if § 1132(a)(1)(B) provides adequate relief. . . . However, those cases are now 'clearly irreconcilable' with *Amara* and are no longer binding.").[2]

In determining whether an action for equitable relief is properly brought under ERISA, a court "look[s] to the substance of the remedy sought . . . rather than the label placed on that remedy." *Watkins v. Westinghouse Hanford Co.,* 12 F.3d 1517, 1528 n.5 (9th Cir. 1993) (citing *Mertens v. Hewitt Assocs.,* 508 U.S. 248, 255 (1993)). Here, plaintiff prays for "appropriate equitable relief," including an order requiring "each fiduciary found liable for breaching his/her/its duties to disgorge any profits made through the denial of medically necessary claims through the use of inconsistent care guidelines." (FAC ¶¶ 72, 73.) At the pleading stage, plaintiff has alleged a sufficient factual basis for a claim of breach of fiduciary duty. The form and nature of any appropriate equitable relief need not be specified at this stage in the litigation.[3]

### III.  CONCLUSION

The motion to dismiss on grounds of failure to allege a basis for standing for injunctive relief is **GRANTED WITH LEAVE TO AMEND**. Plaintiff shall file her second amended complaint

---

[2] In its moving papers (Motion at 9:8-11), Blue Shield misstates this Court's decision in *Josef K.*, which denied the motion to dismiss plaintiff's claim for surcharge and disgorgement of profits pursuant to section 1132(a)(3), rejecting defendant's arguments that such relief was unavailable or duplicative. *Josef K. v. California Physicians' Service (Blue Shield)*, No. 18-CV-06385-YGR, 2019 WL 2342245, at *9-10 (N.D. Cal. June 3, 2019) (citing *Moyle*, 823 F.3d at 960).

[3] The Ninth Circuit has stated that the equitable remedy of disgorgement "generally requires specifically identifiable property or its traceable proceeds," but even in the absence of such allegations, equitable remedies such as surcharge, disgorgement, or accounting for profits" may be available if the defendant owed a fiduciary duty to the plaintiff and breached that duty." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 664 and n. 15 (9th Cir.), *cert. denied,* 140 S. Ct. 223 (2019) (*citing Parke v. First Reliance Standard Life Ins. Co.*, 368 F.3d 999, 1008–09 (8th Cir. 2004) ("Under traditional rules of equity, a defendant who owes a fiduciary duty to a plaintiff may be forced to disgorge any profits made by breaching that duty, even if the defendant's breach was simply a failure to perform its obligations under a contract."); *Amara*, 563 U.S. at 441–42 (surcharge "is an equitable remedy 'in the form of monetary compensation for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment'")). Such relief was not available in *Depot* because defendants were not fiduciaries, but non-fiduciary third parties. *Depot*, 915 F.3d at 664 n.15.

within 21 days of this Order. Defendants shall file their responsive pleading within 21 days thereafter.

This terminates Docket No. 33.

**IT IS SO ORDERED**.

Date: June 2, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**