**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **AMY F.,**<br><br>           Plaintiff**,**<br><br>     vs.<br><br>**CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA; TRINET GROUP, INC.,**<br><br>           Defendants**.** | Case No.: 19-CV-6078 YGR<br><br>**ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT; SETTING CASE MANAGEMENT CONFERENCE**<br><br>**DKT. NO. 43** |

On June 2, 2020, this Court entered its Order Granting In Part the motion of defendant California Physicians' Service dba Blue Shield of California ("Blue Shield") to dismiss plaintiff Amy F.'s second cause of action for breach of fiduciary duty under ERISA, 29 U.S.C. § 1132. (Dkt. No. 39.)  In that Order, the Court found that plaintiff failed to allege a basis for injunctive relief or relief pursuant to section 1132(a)(2) but had alleged sufficiently a basis for appropriate equitable relief for breach of a fiduciary duty pursuant to section 1132(a)(3).  Plaintiff was granted leave to amend to allege standing to pursue injunctive relief on behalf of third parties, as well as a "basis for seeking forward-looking relief for herself." (*Id*. at 2.)  As to her claim for other equitable relief under section 1132(a)(3), the Court denied the motion to dismiss, finding that her prayer for "appropriate equitable relief," including an order requiring "each fiduciary found liable for breaching his/her/its duties to disgorge any profits made through the denial of medically necessary claims through the use of inconsistent care guidelines" was supported by sufficient factual allegations, and that the precise "form and nature of any appropriate equitable relief need not be specified at this stage in the litigation." (*Id*. at 4.)

Plaintiff filed her Second Amended Complaint ("SAC") on June 23, 2020. (Dkt. No. 40.) She amended the SAC to clarify that she is a current plan participant and the plan continues to be administered by defendant Blue Shield. (SAC ¶ 8.)

Blue Shield again moves to dismiss the second cause of action raising largely the same arguments as before. (Dkt. No. 43.)[1] Blue Shield contends that plaintiff lacks standing to seek forward-looking equitable relief in the form of an injunction, as well as retrospective equitable relief such as disgorgement of profits, and has not alleged causation.

As to retrospective relief (for example, disgorgement or surcharge), the Court's prior Order addressed and denied defendant's motion to dismiss plaintiff's claim for these forms of equitable relief. (Dkt. No. 39 at 4.) Consequently, defendants' motion here—essentially one for reconsideration—is **DENIED**.

With respect to injunctive relief, plaintiff argues that she has established standing for the forward-looking relief she seeks because she is a current Plan participant and seeks equitable relief to ensure fair treatment in future claims for health benefits. Because health insurance, by definition, is coverage for future health care needs, plaintiff contends that a demand for more particularized allegations of imminent injury would be inconsistent with the nature and purpose of insurance. Further, she alleges that Blue Shield's failure to apply Plan provisions fairly and consistently resulted in denial of benefits, causing her injury. (SAC ¶ 48.)[2]

Plaintiff's allegations of defendants' past wrongful conduct and her continued status as a Plan beneficiary are sufficient to establish Article III standing. Standing under Article III requires, among other things, that the plaintiff has suffered an "injury in fact" that is concrete and

---

[1] Defendant also argues that E.F., plaintiff's child, is incorrectly alleged to be a Plan beneficiary, submitting evidence to show that E.F. is no longer a covered dependent under plaintiff's plan, or otherwise covered under a Blue Shield plan, as of August 31, 2019. Given that Blue Shield does not dispute that *plaintiff* remains a Plan participant, this argument and the proffered evidence is irrelevant to the matters at issue in this motion. If true, the issue is more appropriately addressed by a substantive motion upon which the Court may consider evidence outside the record. To do so here would be procedurally improper.

[2] To the extent defendant attempted articulate a distinct argument that plaintiff failed to allege a sufficient "causal connection between the injury and the conduct complaint of," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992), the Court finds that argument without merit.

particularized, as well as actual or imminent.  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180–81 (2000).  "A plaintiff must demonstrate constitutional standing separately for each form of relief requested."  *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir.), *cert. denied,* 139 S. Ct. 640 (2018) (citing *Friends of the Earth*, 528 U.S. at 185).  If a plaintiff faces "a credible threat of harm" and that harm is "both real and immediate, not conjectural or hypothetical," the plaintiff has met the injury-in-fact requirement for standing under Article III.  *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010) (internal citations omitted) (allegation that plaintiffs faced a credible threat of real and immediate harm stemming from theft of laptop containing unencrypted personal data sufficient to establish standing); *see also Cent. Delta Water Agency v. United States,* 306 F.3d 938, 947 (9th Cir. 2002) ("the possibility of future injury may be sufficient to confer standing on plaintiffs; threatened injury constitutes 'injury in fact.'")  "Past wrongs, though insufficient by themselves to grant standing, are 'evidence bearing on whether there is a real and immediate threat of repeated injury.'  *Davidson*, 889 F.3d at 967. (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).  "Where standing is premised entirely on the threat of repeated injury, a plaintiff must show 'a sufficient likelihood that he will again be wronged in a similar way.'" *Id*.  In determining whether a threatened injury is similar, the Ninth Circuit has cautioned that courts should not adopt too narrow or technical an approach, but instead consider the context of the inquiry.  *Id*.

Here, plaintiff alleges that Blue Shield breached its fiduciary duties by failing to act in accord with Plan documents and denying coverage for medically necessary treatment.  (SAC ¶¶ 48, 49, 60.)  Plaintiff alleges that she is a current Plan beneficiary who may, at any moment, seek coverage for health care and therefore faces an imminent threat that she will be wronged in a similar way.  No less than the consumer in *Davidson* who alleged she intended to purchase defendant's product in the future and faced an imminent threat that she would again be deceived by its false advertising, plaintiff's allegations here are sufficient to state an imminent threat of injury that supports her Article III standing to seek injunctive relief.  *See Davidson*, 889 F.3d at 970 ("the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she

may reasonably, but incorrectly, assume the product was improved").[3]  The motion to dismiss plaintiff's claim for injunctive relief in connection with her cause of action pursuant to section 1132(a)(3) is therefore **DENIED**.

### III.  CONCLUSION

For the foregoing reasons, the motion to dismiss is **DENIED**.  Blue Shield shall file its answer within 21 days of issuance of this Order.

The Court **SETS** a case management conference for **October 26, 2020,** at 1:00 p.m.  A Zoom link will be posted on the docket prior to the day of the hearing and may also be accessed via the Court's webpage, www.cand.uscourts.gov/judges/gonzalez-rogers-yvonne-ygr/ .

This terminates Docket No. 43.

**IT IS SO ORDERED**.

Date: September 11, 2020

                                          _____
                                          **YVONNE GONZALEZ ROGERS**
                                          **UNITED STATES DISTRICT COURT JUDGE**

---

[3]  Defendant's citation to *Thole*, a case concerning a defined-benefit pension plan, in which plaintiffs would be entitled to, and had received, the same vested benefit payments regardless of the allegations of their claims, is inapposite to the claims here concerning a health plan's failure to cover and pay claims fairly.  *Thole v. U. S. Bank N.A*, 140 S. Ct. 1615, 1622 (2020) (finding lack of Article III standing where "[w]inning or losing this suit would not change the plaintiffs' monthly pension benefits" and had no "concrete stake" in the alleged dispute).